S. H. RUGGLES *et ux.* v. THE SPINDLE BOTTOM OIL AND GAS COMPANY, OF CHANUTE, KANSAS, *et al.*

No. 14,169.        (83 Pac. 399.)

FRAUD—*Misrepresentations—Inducement to Contract—Subsequent Written Agreement.* Certain statements made by defendant for the purpose of procuring the execution of an oil-and-gas lease, even though false, held not to entitle plaintiff to have the lease canceled on the ground of fraud, a written contract having been subsequently executed by the parties.

Error from Wilson district court; LEANDER STILLWELL, judge. Opinion filed November 11, 1905. Affirmed.

*T. J. Hudson,* for plaintiffs in error.
*Lapham & Brewster,* for defendants in error.

*Per Curiam:* The petition alleged that, in the preliminary conversation which led up to the making of a written contract of lease of lands for oil-and-gas purposes, the agent of the lessee, for the purpose of inducing the lessors to make the contract, represented that the company (lessee) had a drill loaded on the cars at Chanute for the purpose of bringing the drill to the field where leases were then being taken by the company, and that the drill would be put in operation in the field inside of thirty days from the 31st day of October, 1902. The petition further alleged that said statements and promises were false, but were believed

Ruggles v. Gas Co.

and relied upon by the lessors as true, and that, relying thereon, they did, on the same day, enter into a contract in writing which, among other things, provided as follows:

"In case no oil- or gas-well be drilled on said premises within six months of date hereof, all rights and obligations secured under this contract shall cease, upon notice in writing by the parties of the first part, unless the second party shall elect thereafter from year to year to continue this lease in force as to all or any portion of said premises by paying at the expiration of each year an annual rental of fifty cents per acre for all said premises, or such portion as it may designate until well is drilled upon said premises."

This suit was brought to set aside the lease on account of fraud, and this was the only fraud alleged or proved. There is no claim of mistake or misunderstanding as to the terms of the written contract, or that the same does not fairly express the final agreement of the parties.

The failure to do a thing at the time it is promised to be done, which time is subsequent to the promise, does not relate back and make the promise fraudulent, especially when the parties, after the verbal promise, enter into a written contract which provides another and later time for the performance of the thing promised. Nor is it a material misrepresentation, even if false, that the company had a drill loaded on the cars at Chanute for the purpose of bringing the drill to the field when the written contract, into which the oral negotiations merged, allowed the company six months at least to do such drilling.

The demurrer was properly sustained.